## MEMORANDUM OF LAW IN SUPPORT OF DR. DE BELLIS' MOTION TO INTERVENE AND TO SUBSTITUTE

Dr. De Bellis respectfully submits this Memorandum of Law in support of his Motion to Intervene and to Substitute in the action filed by plaintiffs Vilox Technologies, LLC and Vilox, LLC (hereafter, "Vilox") and in the action filed by plaintiff Oracle Corporation. Dr. De Bellis moves pursuant to Federal Rule of Civil Procedure 24 to intervene as of right.

### PRELIMINARY STATEMENT

Dr. De Bellis is the sole inventor of U.S. Patent 7,760,720 and a co-inventor of U.S. Patent 7,188,100 ("the asserted patents"). At the time of filing of the underlying complaints, the asserted patents were owned by Vilox Technologies, LLC, of which Dr. De Bellis is president and CEO. The patent infringement complaint was filed by Ramey LLC in the Western District of Texas. Subsequently, the complaint was transferred to the District of Delaware. As no Ramey LLC counsel is a member of the Delaware, Ramey LLC was required to obtain local counsel.[1] This, Ramey LLC did not do. On May 26, 2023, Ramey LLC informed Dr. De Bellis that he would have to find his own local Delaware counsel. Dr. De Bellis was not able to obtain such local counsel on the Friday before the Memorial Day weekend.

### FACTUAL BACKGROUND

On May 30, 2023, Vilox Technologies, LLC assigned all rights to the asserted patents to Joseph L. De Bellis. Vilox Technologies, LLC took this step because Ramey LLC, did not obtain local Delaware counsel. Dr. De Bellis intends to participate in the patent infringement complaint, and the corresponding complaint filed by Oracle Corporation *pro se*.

---

[1] A May 16, 2023 Order of this Court set a deadline of May 30, 2023 to obtain local counsel.

## ARGUMENT

I. **Dr. De Bellis Should Be Permitted to Intervene as of Right.**

Under Rule 24(a) of the Federal Rules of Civil Procedure, a proposed intervenor as of right has the burden to establish, by timely motion, that: (1) it has a significantly protectable interest in the lawsuit; (2) its interest may be impaired by the disposition of the lawsuit; and (3) its purported interest is not adequately represented by the existing parties to the litigation. Fed. R. Civ. P. 24(a)(2); *see Pennsylvania v. President United States of Am.*, 888 F.3d 52, 57-58 (3d Cir. 2018).

Dr. De Bellis meets each of these requirements for intervention as of right.

### A. **Dr. De Bellis Has a Substantial Legal Interest in the Subject Matter of This Case.**

Under Rule 24(a)(2), a proposed intervenor must have "an interest relating to the property or transaction that is the subject of the action." But it is not enough to claim *any* interest; the interest must be "significantly protectable," *Donaldson v. United States*, 400 U.S. 517, 531 (1971), which the Third Circuit has interpreted to mean "a cognizable legal interest, and not simply an interest of a general and indefinite character," *Pennsylvania*, 888 F.3d at 58 (quoting *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1116 (3d Cir. 1992)). "An applicant must therefore demonstrate that its interest is 'specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought.'" *Id.* (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)).

Under 35 U.S.C. 281, "a patentee shall have remedy by civil action for infringement of his patent." The patents at issue in the underlying litigation are, as of May 30, 2023, owned exclusively by Dr. Joseph L. De Bellis, as noted above. Thus, only Dr. De Bellis can pursue

4

"remedy by civil action for infringement of his patent[s]." This "interest" is specific to dr. De Bellis, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. Specifically, Dr. De Bellis will pursue infringement of the asserted patents, and will be able to address the issues raised by plaintiff Oracle Corporation in Case No. 1:23-cv-00126-MN.

Accordingly, Dr. De Bellis has satisfied this requirement of Rule 24(a).

### B. Intervention in this Case is Necessary to Protect Dr. De Bellis' Interest

Under this intervention requirement, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F. 3d at 1247.

In the absence of local Delaware counsel, Dr. De Bellis expects that patent infringement complaint may be dismissed. As of now, only Dr. DeBellis may enforce the asserted patents. Thus, intervention by Dr. De Bellis is necessary.

### C. The Existing Parties Cannot Protect the Interest of Dr. De Bellis.

*First*, Dr. De Bellis has an interest in enforcing the asserted patents. This interest is inadequately represented by the existing parties, for under 35 U.S.C. 281, only Dr. De Bellis may bring a patent infringement suit with respect to the asserted patents.

*Second*, Ramey LLC informed Dr. De Bellis that it would seek withdrawal from the matters before this court. However, to date, this court has not granted Ramey LLC's request.

### D. Dr. De Bellis' Application is Timely.

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including:

(1) the point to which the suit has progressed; (2) the purpose for which intervention

5

is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

Here, the cases are still at their earliest stages. Defendant Oracle Corporation has not moved to dismiss the Vilox Complaint. No scheduling order has been entered. No factual or legal issues have been litigated, and the parties will not be prejudiced by Dr. De Bellis' intervention: Dr. De Bellis' knowledge of the patents at issue will lead to the proper resolution of this litigation.

Dr. De Bellis requests this Court issue an order granting the above Motion to Intervene. Following such order, Dr. De Bellis will file an amended complaint and will pursue the amended complaint *pro se*.

## II.     Substitution of Plaintiffs/Defendant

Plaintiffs Vilox Technologies, LLC and Vilox, LLC ("Vilox") request substitution of the Plaintiffs in case number 1:23-cv-00302-MN and defendant in case number 1:23-00126-MN based on the May 30, 2023 assignment of U.S. Patent No. 6,760,720 and 7,188,100 ("the asserted patents") from Vilox to Dr. Joseph L. De Bellis. Defendant Oracle Corporation ("Oracle") is opposed to this transfer.

According to Federal Rule of Civil Procedure 25(c) Transfer of Interest:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Thus, as of May 30, 2023, Vilox no longer has standing to sue for patent infringement of

6

the asserted patents. However, Dr. De Bellis has standing and will enforce the asserted patents. For this reason, this court is respectfully requested to substitute Dr. Joseph L. De Bellis as the plaintiff in this case.

Thus, Dr. De Bellis intends to proceed *pro se*. Upon substitution of the plaintiff/defendant from Vilox to Dr. Joseph L. De Bellis, this court is respectfully requested to also grant the Renewed Motion for Withdrawal of Plaintiff's Attorney (Docket No. 46).

Dr. De Bellis is not opposed to withdrawal of Ramey LLP as counsel as he will continue both cases *pro se*. Plaintiff's counsel have conferred with Defendant (including Defendant's Delaware counsel), and Defendant is also unopposed to withdrawal of Plaintiff's counsel.

For these reasons, Plaintiffs' respectfully requests this Court to substitute Dr. Joseph L. De Bellis as Plaintiff/Defendant and allow Ramey LLP to withdrawal as counsel, effective May 30, 2023.

## CONCLUSION

For the foregoing reasons, Dr. De Bellis respectfully requests that the Court grant the Motion to Intervene and the Motion to Substitute Plaintiff/Defendant.

Respectfully submitted,

/s/Joseph L. De Bellis

Joseph L. De Bellis

Dated: May 30, 2023

## CERTIFICATE OF SERVICE

I, Joseph L. De Bellis, certify pursuant to the local rules of this Court, that I filed the foregoing Motion and Memorandum of Law with the U.S. District Court for the District of Delaware, and have provided notice of filing to counsel of record listed below:

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

Jared Bobrow
Diana Rutowski
Jason Yu
Rose Sun
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road Menlo Park, CA 94025 (650) 614-7400

Kristina D. McKenna
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
(617) 880-1800

/s/ Joseph L. De Bellis
Joseph L. De Bellis

Dated: May 30, 2023