IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION,<br><br>**Plaintiff,**<br><br>v.<br><br>VILOX TECHNOLOGIES, LLC, and<br>JOSEPH L. DE BELLIS, an individual,<br><br>**Defendants** | C.A. No. 23-126 (MN)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT VILOX TECHNOLOGIES, LLC'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**

Defendant Vilox Technologies, LLC ("Vilox") files its Answer to Amended Complaint for Declaratory Judgment and Breach Of Contract as follows:

## NATURE OF THE CASE

1. Admit in part and denied in part. Vilox admits that in 2015 it sued Oracle for infringement of four patents, and that Oracle and Vilox settled this litigation ("2015 litigation"). Vilox admits that Oracle and Vilox entered into a Settlement Agreement (Docket No. 33-1 under seal) and agreed to dismiss the 2015 litigation WITHOUT prejudice. Vilox notes that the Settlement Agreement expired in 2017. Vilox admits that in 2022 it sued Oracle for infringement of U.S. Patent Nos. 6,760,720 and 7,188,100 (the '100 and '720 Patents) in the United States District Court for the Western District of Texas and relied on the 2015 litigation to show knowledge by Oracle of the '100 and '720 Patents. Vilox admits that the Texas Complaint was transferred to the District of Delaware. Denied as to the remainder.

2. Admits that Vilox Technologies, LLC assigned the '100 and '720 Patents to Dr. De Bellis on May 30, 2023 and that Dr. De Bellis filed a motion to intervene and substitute for Vilox Technologies, LLC so that Dr. De Bellis could proceed *pro se*.

1

3.  No response needed.

## THE PARTIES

4.  Vilox lacks information sufficient to affirm or deny this fact and therefore denies same.

5.  Admit.

6.  Admit.

## JURISDICTION AND VENUE

7.  Admit that Dr. De Bellis is the assignee of the '100 and '720 patents and that there is an actual and justiciable controversy between Oracle and Dr. De Bellis as to whether Oracle has infringed the '100 and '720 Patents. Admit that Dr. De Bellis did seek to intervene and to substitute for Vilox Technologies, LLC. Denied as to the remainder of this paragraph.

8.  Denied.

9.  Denied.

10. Denied.

## FACTS

### The '100 Patent

11. Admit.

12. Denied. The Abstract of the '100 Patent states in its entirety: Sort-on-the-Fly/Search-on-the-Fly data retrieval or analysis provides an intuitive method and apparatus for accessing databases, allowing a user to access or obtain information about data in the database without having to know anything about the database structure. In embodiments, the thus obtained information is formatted according to a report template and is presented as a search report. In embodiments, the report template is saved so that subsequent search reports having a consistent

format can be generated. The subsequent search reports represent the charging, dynamic content of the database. In embodiments, the search report is customized using fitters and plug-ins.

13. Admit. For clarity, add that Dr. De Bellis owns the '100 Patent by assignment. The assignment records available at uspto.gov (reel/frame: 063939/0023) show that Dr. De Bellis is the sole assignee of the '100 Patent.

14. Denied as to incorrect quotations. Admit that effective May 30, 2023, Vilox Technologies LLC assigned "the entire right, title, and interest in and to" the '100 Patent including "the right to sue for damages and other relief for past, current, and future infringements" to Dr. De Bellis.

15. Denied.

**The '720 Patent**

16. Admit.

17. Denied. The Abstract of the '720 Patent states in its entirety: A Sort-on-the-Fly/Search-on-the-Fly search engine provides an intuitive mechanisms for searching databases, allowing a user to access data in the database without having to know anything about the database structure. A user selects a desired search term, and the search engine searches the database for all instances of the desired term, even if a specific file or table does not contain the instance. The database need not have a specific file (in a flat database) or a table (in a relational database) of names. The user may specify other criteria, or constraints to narrow the search results, or for other reasons. The search engine then conducts a further search using this criteria and produces a second search result. Further narrowing or broadening of the search are permitted, with the search-on-the-fly search engine returning results based on any new constraints. If the returned data would be too large to be conveniently displayed at a terminal, the search engine executes a truncation routine so that the returned data is easily displayed.

18. Admit. For clarity, add that Dr. De Bellis owns the '100 Patent by assignment. The assignment records available at uspto.gov (reel/frame: 063939/0023) show that Dr. De Bellis is the sole assignee of the '720 Patent.

19. Denied as to incorrect quotations. Admit that effective May 30, 2023, Vilox Technologies LLC assigned "the entire right, title, and interest in and to" the '720 Patent including "the right to sue for damages and other relief for past, current, and future infringements" to Dr. De Bellis.

20. Admit.

### The Oracle Customer Litigation and Settlement

21. Admit as to Vilox Techs., LLC sued Costco Wholesale Corp. on November 30, 2015, and as to Oracle and Vilox reaching a settlement, in which Vilox agreed to dismiss the litigation without prejudice, and the parties agreed to mutual covenants not to sue *for one year*. Denied as to the remainder of the paragraph.

22. Admit that in the Settlement Agreement **(including a one year term)** is a choice of law, jurisdiction and venue provision that requires any future litigation between Oracle and Vilox regarding the '100 and '720 Patents to be litigated in the District of Delaware.

23. Admit that in Settlement Agreement is a commitment by Vilox not to use the Oracle Customer Litigation in any future or other litigation for the one year term of the Settlement Agreement.

### The Texas Complaint

24. Admit.

25. Admit.

## COUNT I
### (Declaration of Noninfringement of the '100 Patent)

26. No response necessary.

27. Denied.

28. Admit as to Vilox asserted that Oracle has infringed and continues to infringe one or more of claims 1-38 of the '100 Patent and Vilox provided a claim chart setting forth Vilox's theory for alleging that Oracle Database has infringed claim 1 of the '100 Patent. Denied as to the remainder of the paragraph.

29. Admit as to Vilox asserted that Oracle has infringed and continues to infringe one or more of claims 1-38 of the '100 Patent and Vilox provided a claim chart setting forth Vilox's theory for alleging that Oracle Database has infringed claim 1 of the '100 Patent. Denied as to the remainder of the paragraph.

30. Denied.

31. Denied.

## COUNT II
### (Declaration of Noninfringement of the '720 Patent)

32. No response necessary.

33. Denied.

34. Admit as to Vilox asserted that Oracle has infringed and continues to infringe one or more of claims 1-38 of the '720 Patent and Vilox provided a claim chart setting forth Vilox's theory for alleging that Oracle Database has infringed claim 1 of the '720 Patent. Denied as to the remainder of the paragraph.

35. Admit as to Vilox asserted that Oracle has infringed and continues to infringe one or more of claims 1-38 of the '720 Patent and Vilox provided a claim chart setting forth Vilox's theory for alleging that Oracle Database has infringed claim 1 of the '720 Patent. Denied as to the

remainder of the paragraph.

36. Denied.

37. Denied.

## COUNT III
### (Declaration of Invalidity of the '100 Patent)
### (Against Both Defendants)

38. No response necessary.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT IV
### (Breach of Contract)
### (Against Vilox)

44. No response necessary.

45. Admit except that the Settlement Agreement had a term of only one year and expired in 2017; and as such, the requirement to litigate any future litigation in the District of Delaware expired in 2017.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## PRAYER FOR RELIEF

Vilox denies that Oracle is entitled to any relief it seeks in its Prayer.

## AFFIRMATIVE DEFENSES

Vilox alleges and asserts the following defenses and affirmative defenses in response to the allegations in the Complaint. Regardless of how such defenses are listed herein, Vilox undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as amatter of law. In addition to the defenses described below, Vilox reserves all rights to amend or supplement these defenses as additional facts become known.

- The Settlement Agreement expired in 2017. Thus Oracle has failed to state a claim.
- Vilox no longer owns the '100 and the '720 Patents.
- Lack of subject matter jurisdiction over Vilox.
- Oracle has failed to allege how the patent is invalid under §101, §102, §103 and §112.
- Oracle has failed to allege how it is entitled to an award under §285;
- Oracle has failed to allege how it is entitled to relief under 28 U.S.C. § 1927; and,
- Oracle has failed to allege how the patents are invalid under other rules, regulations and laws pertaining thereto, or other judicially created basis for invalidity;
- Oracle is not entitled to any damages or costs associated with this case.

## RESERVATION OF ADDITIONAL DEFENSES

Vilox's investigation of this matter is ongoing. It reserves all defenses under the Federal Rules of Civil Procedure, the laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '720 patent and the '100 patent through selling, offering for sale, manufacturing, and inducing others to infringe by using and instructing to implement a method to retrieve, and search records using a search-on-the-fly search engine (or other search engine), generating a search result that includes descriptors of data categories, and creating a template that includes a link or path to one or more filed in one or more databases;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Vilox its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a

valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Vilox such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

_____
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of September 8, 2023, with a copy of the foregoing via email and ECF filing.

/s/ William P. Ramey, III
William P. Ramey, III

9