Judge Maryellen Noreika
United States District Court
844 North King Street, Unit 18
Wilmington, DE 19801-3570

2024 NOV 15 PM 2: 39

RE: Patent Case No. 1:23-cv-00126MN November 15, 2024

Dear Judge Noreika,

This Brief addresses the **direct** infringement of method claim 1 of the ’720 Patent and method claim 1 of the ’100 Patent by Oracle Corporation, occurring through Oracle’s operation of various server farms in the United States as outlined in the Second Amended Complaint (SAC). More specifically, Oracle operates its own servers on these server farms and those servers execute a number of Oracle software programs, including, but not limited to Oracle Cloud Interface (OCI), Oracle Database, Oracle Commerce, and Oracle Business Intelligence. Oracle executes these software programs as a service for Oracle customers; this service is commonly known by the acronym, SaaS - Software as a Service. As noted in the SAC, Oracle explicitly provides the SaaS option to its customers. This brief does not address the two claims of indirect infringement offered by Ramey LLP.

The SAC demonstrates Oracle’s operation of its server farms, its operation of the servers on those farms, and the execution of their software on those servers. This is an Oracle owned and operated process from beginning to end. This process meets every limitation of method claim 1 of the ’720 patent and method claim 1 of the ’100 Patent.

Oracle and Dr. De Bellis held a video conference on October 28, 2024 attended by Jared Bobrow, Jason Yu and Brian Egan. Oracle takes the position that the SAC is not adequate. However, Oracle did not dispute the fact that Oracle operates its own servers executing its own software for the benefit of Oracle’s customers. Oracle does not dispute that Oracle, and Oracle alone, executes each and every step of the claimed methods. Dr. De Bellis contends that the SAC meets the threshold requirements of Rule 12(b)6.

**Infringement of the ’720 Patent**

During the video conference, Dr. De Bellis explained the concept of Oracle operating its servers to provide SaaS to be **direct** infringement of claim 1. Yet Oracle then proceeded to ask Dr. De Bellis to explain “how the page limitation would work.” Claim 1 does not recite a page limitation so this question from Oracle seems irrelevant.

Oracle then focused on the claim limitation directed to truncation, alleging that “We just haven’t seen anything [in the Oracle documentation] that does [the claimed truncation].”

Oracle argued during the video conference that "the [720] patent has a bunch of searches that are narrowed down, like truncated to a letter A, B, C, D, E, F, G." Oracle's most obvious error was to ignore the precise claim language and instead focus on one or more embodiments that are disclosed in the specification and the drawings. For example, Oracle argues 'searches that are narrowed down." There is nothing in claim 1 that requires narrowing searches. As a second example, claim 1 does not require that the truncation result in a listing of "A, B, C, D, E, F, G." Thus, Oracle improperly interpreted the truncation limitation of claim 1 to mean something that is not recited in the claim.

Finally, Oracle asked about Exhibit E, which was provided by Ramey LLP, and discusses Oracle ATG and "indirect infringement." Dr. De Bellis has no intention of pursuing theories of indirect (inducing or contributory) infringement at this point, as he stated during the video conference.

Thus, all limitations of method claim 1 of the '720 Patent are practiced solely and exclusively by Oracle in implementation of Oracle Cloud Infrastructure. This constitutes **direct and willful** infringement. Oracle operates a number of server farms. Each server farm includes Oracle servers. Each Oracle server executes at the very least the following Oracle software products: Oracle Cloud Interface (OCI), Oracle Database ODB and Oracle Commerce Cloud. With Oracle's SaaS offering, no third party or other entity operates Oracle servers. Oracle customers do not operate Oracle servers; and Oracle alone operates Oracle servers.

**Infringement of the '100 Patent**

During the Zoom conference, Oracle attempted to confuse the issue between SQL, a universal language and mySQL which is an Oracle product. They focused on specific questions about which products performed specific steps in the claim. The method is performed in its entirety during the use of the Oracle-owned and operated SaaS product, OCI. What specific products wrapped within OCI, utilize the "query tweaker" or create templates and generate the updatable reports are irrelevant, as is the sequence in which they are performed. All the steps of claim 1 are performed and executed by Oracle. Oracle pressed on about which products may or may not include the infringing features. Mrs. Bobrow, Yu and Egan, well know that these specifics are not relevant to my claim of **direct** infringement at this time. Adequate discovery would reveal those specifics.

Mr. Yu stated, "I think the problem we're gonna have is, you are taking pieces of things, yeah maybe Oracle owns the cloud infrastructure and there are, there's things in Oracle database that do certain things and there's things in you know these report generators that do certain things but **you have a method claim here that requires that you perform all**

**these steps together and the charts don't kind of provide like a coherent theory of how that's done in a way that infringes** as opposed to just saying like oh well, a database receives queries sometimes and sometimes reports are generated and sometimes you get search results. The theory doesn't, unless you can point me to something, and I haven't seen it, that says, look, here's how you would use BI Publisher to run a search, and that search would give you search results, and those search results can be converted into a template, in a way that infringes the claim. So, I think that's where we're gonna have a disconnect and a disagreement." This is entirely disingenuous as Oracle clearly knows that for a case of **direct** infringement the sequence of steps and what products perform them are irrelevant as they are all performed by Oracle.

In conclusion, I have alleged **direct, willful** infringement in the Second Amended Complaint of Claim 1 of the 720 and 100 Patents. I also alleged this **direct, willful** infringement in the First Amended Complaint. Mr. Bobrow effectively avoided the allegations at the first hearing and due to faults, all my own, it was left unaddressed in the second hearing. During the video conference, I discussed this **direct and willful** infringement with Oracle's attorneys and not one of these three attorneys disputed my allegations of direct infringement by Oracle's operation of its server farms. During the call, they instead chose to focus on asking irrelevant questions – for example, wanting to know where in Oracle's documentation one could find truncation to a string "A, B, C, D…" None of the claims recite such a truncation, yet Oracle's attorney persisted in pursing this "red herring". There is no requirement that to show infringement, I must allege that all the limitations of the claims are met by the execution of a **single** Oracle product. Oracle has designed its products to operate together. Thus execution of OCI, ODB and Oracle Commerce **together**, **directly** infringes the claims.

Furthermore, it is my understanding that at the pleading stage, I am not required to explain exactly how the infringement occurs, nor must I explain in detail how Oracle's products operate and interact. That level of detail is appropriate for claim construction and trial, and that evidence, confirming **direct and willful** infringement will have to wait for discovery. Oracle has done a masterful job of obscuring much of the detail as to how its programs operate – which is understandable from a couple of points of view. On one hand they are undoubtedly concerned about others copying their products, and on the other hand perhaps even more concerned with giving opportunity to those upon whose claims they infringe.

In either case, that very obscurity clearly points out the need for discovery.

Sincerely,

/s/ Joseph L. De Bellis, MD
282 Edge of Woods Road
Southampton, N.Y. 11968
631-431-6401
josephdebellis@gmail.com